IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-269-D

| | | |
|---|---|---|
| MARIA CHANTE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAS INSTITUTE INC., | ) | |
| | ) | |
| Defendant. | ) | |

On June 11, 2018, Maria Chante Morris ("Morris" or "plaintiff") filed a complaint against SAS Institute, Inc. ("SAS" or "defendant"), alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") [D.E. 1].[1] On December 31, 2018, SAS moved to dismiss the complaint for failure to state a claim upon which relief can be granted, insufficient process, and insufficient service of process [D.E. 27] and filed a memorandum in support [D.E. 28]. On January 2, 2019, the court notified Morris about the motion, the consequences of failing to respond, and the response deadline [D.E. 29]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 7, 2019, Morris moved for leave to amend her complaint [D.E. 32], filed a memorandum in support [D.E. 33] and filed a proposed amended complaint [D.E. 32-1]. SAS did not respond. As explained below, the court grants defendant's motion to dismiss and denies as futile Morris's motion for leave to amend her complaint.

---

[1] Counsel represented Morris when she filed the complaint. See Compl. [D.E. 1] 10. On November 28, 2018, the court granted Morris's counsel's motion to withdraw [D.E. 13]. On December 14, 2018, Morris filed a notice of self-representation and has proceeded pro se since that date [D.E. 18].

I.

SAS, the largest privately-owned software company in the world, develops analytics software to help customers access, manage, and analyze data. See Compl. [D.E. 1] ¶ 7. Morris worked as a hairdresser at a hair salon on SAS's campus from February 2000 until February 2014. See id. ¶ 8. While at SAS, Morris worked exclusively for SAS employees and did not have other clients. See id. ¶ 15. Although SAS classified Morris as an independent contractor, SAS controlled her client schedule, booking, supplies, prices, and hours. See id. ¶¶ 14–24. SAS also provided Morris with a SAS business card and e-mail address, required her to report her work daily to a SAS manager, and appointed a SAS employee to supervise her. See id. ¶¶ 21–22, 24.

Morris alleges that she endured repeated sexual harassment at SAS. See id. ¶¶ 25–28. Specifically, Morris's supervisor made repeated comments to Morris concerning her body, particularly the size of her breasts. See id. ¶ 26(a). Morris's clients also often made inappropriate comments to her concerning her body. See id. ¶¶ 26(c)–(d). Morris eventually decided to have breast reduction surgery because of these comments. See id. ¶ 26(b). When Morris asked her supervisor for leave to have the surgery, Morris alleges that he replied that "she would lose half of her male clientele if she got the surgery." Id. Morris further alleges that one of her clients also told her that she "had not gotten his permission to get rid of . . . her breasts" and that she should "at least tell the doctor to save what they removed so that he could keep them for himself." Id. ¶ 26(e).

In 2013, Morris complained about these comments to Human Resources and to a senior SAS executive. See id. ¶ 26(f). Human Resources did not assist Morris. See id. ¶ 26(g). Morris alleges that, in retaliation for her complaints to Human Resources, her supervisor assigned Morris janitorial duties for the first time in nearly fourteen years. See id. ¶ 26(h). When she complained to her supervisor that these tasks caused her back pain, he replied that "he thought she would be used to

being on her knees," which Morris characterizes as "a clear, intentional, and cruel sexual statement." Id. ¶ 26(i). Morris continued to complain to Human Resources about her work environment, retaliation, and the comments made to her. See id. ¶ 26(j).

Despite Morris's strong performance record, Morris received notification that SAS would terminate her employment in January 2014. See id. ¶ 13. Morris continued to work at SAS on a limited basis until mid-February 2014. See id. After Morris left SAS in mid-February 2014, she continued to work as a hairdresser in other hair salons. Cf. id. ¶ 32.

In December 2017, Morris attended a mediation session with SAS to attempt to resolve her sexual harassment, retaliation, and wrongful discharge claims. See id. ¶¶ 25, 27. This mediation attempt failed. See id. ¶ 28. Morris alleges that, shortly after the failed mediation, a high-level SAS employee attempted to intimidate Morris into dropping all of her claims against SAS. See id. ¶ 29. This SAS employee, who Morris alleges was a senior manager at SAS and a close friend of a high-level SAS executive, was one of Morris's clients at a new hair salon at which she worked in December 2017. See id. ¶¶ 30–32. The SAS employee allegedly confronted Morris at approximately 8:30 p.m. after an appointment with her. See id. ¶ 33. This encounter upset and scared Morris, and she became concerned that SAS would attempt to destroy her career and reputation. See id. ¶¶ 35–36.

On December 28, 2017, Morris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of sex and disability and retaliation. See id. ¶ 3(a). On January 16, 2018, Morris amended her EEOC charge to include the alleged retaliation in December 2017. See id. ¶ 3(b). On March 9, 2018, the EEOC mailed a notice of rights to sue to Morris concerning her claims. See id. ¶ 3(c). On or after March 14, 2018, Morris received the notice of rights to sue from the EEOC. See id. ¶ 3(d).

3

## II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion

4

for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A.

Title VII requires a person to exhaust her administrative remedies by filing a charge with the EEOC concerning the alleged discrimination before filing suit in federal court. See 42 U.S.C. § 2000e-5(e)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A plaintiff must do so within 180 days of each alleged violation. See 42 U.S.C. § 2000e-5(e)(1); Jones, 551 F.3d at 300. A person also must file suit in federal court within 90 days of receiving a notice of right to sue from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). These filing requirements are an "integral part of the Title VII enforcement scheme." Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012) (quotation omitted); see Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406–07 (4th Cir. 2013); Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005).

The 180-day time requirement for filing an EEOC charge is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Nonetheless, the requirement to exhaust administrative remedies by filing a charge with the EEOC concerning the alleged discrimination before filing suit is jurisdictional. See Jones, 551 F.3d at 300.[2]

A failure to file a timely EEOC charge does not itself constitute a failure to exhaust administrative remedies. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014). However, if a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for"

---

[2] The federal circuit courts are split concerning whether Title VII's administrative exhaustion requirement is jurisdictional. See Davis v. Fort Bend Cty., 893 F.3d 300, 306–07 (5th Cir. 2018) (collecting cases), petition for cert. granted, 139 S. Ct. 915 (2019). The Fourth Circuit treats the administrative exhaustion requirement as jurisdictional. See Jones, 551 F.3d at 300.

5

that claim because the claim is no longer "actionable." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 113 (2002). As the Court explained in Morgan, "only incidents that took place within the timely filing period are actionable." Id. at 114; see Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5. Because a hostile work environment claim comprises a series of actions, a charge alleging such a claim is timely if filed "within 180 . . . days of any act that is part of the hostile work environment." Morgan, 536 U.S. at 118.

In count one, Morris alleges sexual harassment in violation of Title VII. See Compl. [D.E. 1] ¶¶ 38–45. Although Morris left SAS in February 2014, Morris did not file an EEOC charge concerning the alleged sexual harassment until December 28, 2017. See id. ¶ 13 (noting that Morris "continued to work at SAS on a limited basis until mid-February 2014"). Thus, Morris did not file an EEOC charge within 180 days of any alleged incident of harassment, and her sexual harassment claim is no longer actionable. See Morgan, 536 U.S. at 117–18. Accordingly, the court grants SAS's motion to dismiss Morris's sexual harassment claim.

In count two, Morris alleges retaliation in violation of Title VII. See Compl. [D.E. 1] ¶¶ 46–52. Because Morris lacks direct evidence of retaliation, she must proceed under the McDonnell-Douglas framework. To state a prima facie claim of retaliation in violation of Title VII, an employee must allege that (1) she engaged in protected activity; (2) her employer took an action against her that a reasonable employee would find materially adverse; and (3) a causal connection existed between the protected activity and the adverse employment action. See Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 67–70 (2006); DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015); Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015); Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 271, 281 (4th Cir. 2015) (en banc); Balas, 711 F.3d at 410; Price

6

v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004), abrogated on other grounds by Foster, 787 F.3d at 249; Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir. 2003); Spriggs v. Diamond Auto Glass, 242 F.3d 179, 190 (4th Cir. 2001); Brown v. Goodwill Indus. of E. N.C., Inc., 361 F. Supp. 3d 558, 562 (E.D.N.C. 2019); see also Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362–63 (2013).

As for Morris's retaliation claim concerning events that occurred before Morris left SAS in mid-February 2014, including her change in job duties and discharge, Morris did not file an EEOC charge until December 28, 2017. Thus, Morris's retaliation claim arising from those events is not actionable. See Morgan, 536 U.S. at 117–18. Accordingly, the court grants SAS's motion to dismiss Morris's retaliation claim arising from events that occurred before mid-February 2014.

Morris also alleges that, following her attempted mediation with SAS in 2017, an unnamed SAS employee came to her new workplace and pressured her to drop any potential claims that she might bring against SAS. See Compl. [D.E. 1] ¶¶ 27–37, 48–51. "Former employees are included within" the scope of Title VII's retaliation provision. Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997); see, e.g., Malghan v. Evans, 118 F. App'x 731, 735 n.5 (4th Cir. 2004) (per curiam) (unpublished); Gibson v. Old Town Trolley Tours of Washington, D.C., Inc., 160 F.3d 177, 180 (4th Cir. 1998); Edwards v. PCS Phosphate Co., 812 F. Supp. 2d 689, 693 (E.D.N.C. 2011).

Morris's allegations that a SAS employee attempted to intimidate her into dropping any potential claims do not plausibly allege a materially adverse action. For purposes of Title VII, an adverse action is material if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry., 548 U.S. at 68 (quotations omitted). "[P]etty slights, minor annoyances, and simple lack of good manners" are generally insufficient. Id. Although Morris alleges that an unnamed SAS employee threatened her, Morris does not describe

7

the contents of those threats, whether the threats concerned her current or future employment, or how the SAS employee's conduct directly or indirectly affected Morris's employment. See, e.g., Burton v. Bd. of Regents, 851 F.3d 690, 697 (7th Cir. 2017); cf. Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422, 430–31 (4th Cir. 2015). Thus, Morris does not plausibly allege any action that might have dissuaded a reasonable person from making or supporting a charge of discrimination. Indeed, Morris filed an EEOC charge on December 28, 2017, after the unnamed SAS employee spoke to her. Therefore, the conversation do not dissuade Morris from filing a charge. Accordingly, the court grants SAS's motion to dismiss Morris's retaliation claim arising from the events of December 2017.

B.

Morris seeks leave to amend her complaint [D.E. 32]. SAS moved to dismiss Morris's complaint under Rule 12(b) approximately one month before Morris moved to amend her complaint [D.E. 27]. Although a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny a plaintiff's request for leave to amend the complaint when amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc). An amendment is futile if the amended complaint would fail to state a claim upon which relief can be granted. See, e.g., Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012) (unpublished); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 375–76 (4th Cir. 2008).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal,

8

556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Morris's proposed amended complaint, like her original complaint, alleges that, while Morris left employment at SAS on January 22, 2014, Morris did not file an EEOC charge until December 28, 2017. See [D.E. 32-1] ¶¶ 24, 27. Morris alleges that equitable estoppel applies to excuse the untimeliness of her EEOC charge, because SAS did not post EEOC signs in her workplace and because the EEOC did not return her calls during 2017. See id. ¶¶ 23, 30–33, 58–61.

Equitable tolling applies only when there are "(1) extraordinary circumstances, (2) beyond [a party's] control or external to [the party's] own conduct, (3) that prevented [the party] from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246; see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); English v. Pabst Brewing Co., 828 F.2d 1047, 1048–49 (4th Cir. 1987); Williams v. N.C. Admin. Office of the Courts, 364 F. Supp. 3d 596, 604–05 (E.D.N.C. 2018). Even assuming that Morris's explanations are true, those explanations do not constitute extraordinary circumstances beyond Morris's control that prevented her from filing. Cf. Williams, 364 F. Supp. 3d at 605. Because Morris's Title VII claims, as amended, would remain untimely, her proposed amendments are futile. Thus, the court denies Morris's motion for leave to amend her Title VII claims.

In her proposed amended complaint, Morris also seeks leave to pursue an additional claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). See [D.E. 32-1] ¶¶ 111–17. Even construed liberally, her proposed pleading is "a formulaic recitation of the elements of a cause of action" that lacks supporting facts. Twombly, 550 U.S. at 555; see Iqbal, 556 U.S. at 678. Thus, Morris fails to plausibly allege that SAS violated FLSA.

9

Alternatively, the statute of limitations bars Morris's FLSA claim. The statute of limitations for ordinary violations of the FLSA is two years from the date on which the cause of action accrues or three years for willful violations. See 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988); Desmond v. PNGI Charles Town Gaming, LLC, 630 F.3d 351, 357 (4th Cir. 2011); Martin v. Deiriggi, 985 F.2d 129, 135 (4th Cir. 1992). Although the defendant ordinarily must raise a defense based on the statute of limitations as an affirmative defense, the facts rendering Morris's FLSA claim untimely appear on the face of Morris's proposed amended complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Accordingly, Morris's proposed FLSA claim is futile, and the court denies Morris's motion for leave to amend her complaint.

### III.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 27] and DISMISSES the complaint without prejudice. The court DENIES as futile Morris's motion for leave to file an amended complaint [D.E. 32].

SO ORDERED. This 13 day of May 2019.

JAMES C. DEVER III
United States District Judge